UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SHANIA HEAVENVELL WHITE | CIVIL ACTION |
| VERSUS | NO. 24-219 |
| ST. BERNARD PARISH PRISON, ET AL. | SECTION "L" (2) |

## ORDER AND REASONS

Plaintiff Shania Heavenvell White, and four others, Destiney Sharieu Trovia, Lakura Major, Heather Cox, and Venus Marie Mulholland, submitted for filing this pro se civil rights complaint pursuant to 42 U.S.C. § 1983, challenging the conditions of their confinement in the St. Bernard Parish Jail. ECF No. 1, ¶IV, at 3 (Deficient Complaint). White and the other named plaintiffs did not pay the filing fee or submit motions to proceed in forma pauperis. None of the plaintiffs responded to the clerk of court's notice of these deficiencies separately mailed to each. ECF Nos. 2-5.

On February 28, 2024, I issued an order for plaintiff Shania Heavenvell White to show cause for her failure to respond to the clerk's notice of deficiency (ECF No. 2) and to either pay the filing fee or submit a properly completed and certified pauper application. ECF No. 9. I also ordered White to provide the court with her current address. *Id*. On March 19, 2024, the court received a handwritten response purportedly from White, although the pleading was not signed. ECF No. 15. In that pleading, White makes several requests, but she fails to provide the information required by the clerk's notice of deficiency or the court's show cause order.

White first requests that the other plaintiffs, Trovia, Major, Cox, and Mulholland, named in the original, deficient complaint be dismissed. *Id*. at 2. She asserts that these inmates lacked

knowledge of the seriousness of their situation and signed her complaint to acknowledge their agreement with the conditions as described in the complaint. *Id*.

Second, White requests that she be allowed to proceed in this matter as a pauper. *Id*. She claims that she briefly was moved to another facility and did not receive the form sent to her during that time period. She requests that the court send her another copy of the pauper application. *Id*. at 3.

White next indicates she will in the future want to file more complaints and issue subpoenas to obtain video footage to support her claims about the conditions of her confinement. *Id*. She also mentions that she was beaten on camera on August 14, 2023, and had an illegal charged placed against her by the jail officials. She claims that the deputies at the jail are racist. She indicates that she also has filed a number of electronic grievance complaints and maintains a written record of the events occurring at the jail. *Id*. at 4-5.

Finally, White requests that she be allowed to add additional plaintiffs to her suit but she asks that nothing be sent from the court to these inmates. *Id*. at 5. These additional inmates are identified as Angele Marie Sentilles, Amy A. Ragan, and Raevin Lorin Jackson. *Id*. at 6.

Because neither White nor any of the original plaintiffs has paid the filing fee or provided a pauper application, this action is not open on the court's docket and is not proceeding in such a manner for any plaintiff to move forward with motions and/or amended pleadings. White and the other original plaintiffs must first rectify the deficient status of this original complaint. In other words, until White and the other plaintiffs are either granted pauper status or pay the filing fee,

this case is not an open matter on the court's docket in which any motions or other requests may be addressed.

White, a non-attorney inmate, is neither qualified nor permitted to act on behalf of any other *pro se* plaintiff that she may wish to designate as a plaintiff in this matter or have sign her pleadings. *See* 28 U.S.C. § 1654 (providing that a party may proceed in federal court either on their own behalf or by counsel); FED. R. CIV. PROC. 11(a) (requiring that every pleading, motion, and other paper must be signed by an attorney or by a party personally if the person is unrepresented); *Gonzales v. Wyatt*, 157 F.3d 1016, 1021-22 (5th Cir. 1998) (holding that "28 U.S.C.A. § 1654 . . . only allows for two types of representation: that by an attorney admitted to the practice of law by a governmental regulatory body and that by a person representing himself.") Because White is not an attorney authorized to represent a party, she is not in a position to request dismissal of the original plaintiffs' claims. Any requested dismissal must come from each original plaintiff who signed the Complaint.

Similarly, White cannot be a representative of any purported new plaintiffs to be added to the suit. Each plaintiff would have to represent themselves and receive documents from the court directly, not through White. White's response to my show cause order is not a proper means of amending her complaint to add additional claims or additional parties. The purported signatures from the proposed plaintiffs attached to White's response is not the same as signing a complaint or a motion to be joined as a plaintiff. Once the case is properly opened by payment of the filing fee or submission of the appropriate documentation establishing pauper status, the particular plaintiff who has paid the fee or been granted pauper status may file a motion to amend to add

additional claims, if appropriate. To the extent other inmates seek to intervene or be joined as additional plaintiffs, an appropriate motion should be filed at the proper time setting forth the basis for joining these plaintiffs and stating the basis of any claim and related injury they each have in a manner sufficient to proceed under 42 U.S.C. § 1983. They each will need to provide completed and certified pauper applications and/or pay the required filing fee. Any request to amend to add claims or additional plaintiffs will be subject to the Federal Rules of Civil Procedure governing joinder of claims and parties. Therefore, White's response to the show cause order cannot be construed as or considered to be a motion to accomplish an amendment to her claims or joinder of additional plaintiffs.

Finally, White has requested that she be provided another copy of the court's pauper application since she did not receive the one sent to her while she was at another facility. White is reminded that it is her obligation to provide the court with a current address each time she is transferred or released. To provide White a final opportunity to comply with the court's prior orders, the court will have the clerk of court mail another pauper application to her. White will have through April 30, 2024, to return the completed and certified pauper application. Her failure to do so by that date will result in the recommendation that her complaint be dismissed for failure to prosecute. Accordingly,

**IT IS ORDERED** that, on or before **April 30, 2024**, Shania Heavenvell White shall file a properly completed and certified pauper application.

**IT IS FURTHER ORDERED** that the Clerk of Court through the Pro Se Unit shall mail a form AO240 prisoner pauper application to Shania Heavenvell White at her prison address of record.

**FAILURE TO COMPLY WITH THIS ORDER WILL RESULT IN A RECOMMENDATION THAT THIS PLAINTIFF'S COMPLAINT BE DISMISSED.**

New Orleans, Louisiana, this  1st  day of April, 2024.

_____
DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

**CLERK OF COURT TO NOTIFY THE PRO SE UNIT**
**AND SEND NOTICE BY MAIL TO ONLY PLAINTIFF WHITE**