UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| HEATHER COX | CIVIL ACTION |
| VERSUS | NO. 24-219 |
| ST. BERNARD PARISH PRISON, ET AL. | SECTION "L" (2) |

## FINDINGS AND RECOMMENDATION

Plaintiff Heather Cox and four others, Shania Heavenvell White, Destiny Sharieu Trovia, Lakura Major, and Venus Marie Mulholland, submitted for filing this *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983, challenging the conditions of their confinement in the St. Bernard Parish Jail. ECF No. 1, ¶IV, at 3 (Deficient Complaint). Cox and the other plaintiffs did not pay the filing fee or submit with the complaint motions to proceed *in forma pauperis*.

Cox did not provide a mailing address when she signed the form complaint mailed to the court by plaintiff Shania Heavenvell White. On January 24, 2024, the clerk of court sent a deficiency notice addressed to plaintiff White, from whom the pleadings were received, instructing White that each plaintiff was required to either pay the filing fee or provide a separate pauper application. ECF No. 2. The clerk of court enclosed five pauper applications for the plaintiffs, including Cox, to use. The envelope containing the notice has not been returned as undelivered. Neither Cox, White, nor the other plaintiffs responded to the notice, paid the filing fee, or submitted a pauper application.

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may in its discretion dismiss any action based on the failure of a plaintiff to prosecute or comply with any order of the court.[1] In applying the sanction of dismissal, courts have traditionally considered the

---

[1] *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988); s*ee also Hulsey v. State of Tex.*, 929 F.2d 168, 171

extent to which the plaintiff, rather than her counsel, is responsible for the delay or failure to comply with the court's order.[2] Because plaintiff is proceeding *pro se*, it is apparent that this court must weigh her actions alone in considering dismissal of this action under Rule 41(b). A *pro se* litigant is not exempt from compliance with relevant rules of procedural and substantive law.[3] A *pro se* litigant who fails to comply with procedural rules has the burden of establishing excusable neglect, which is a strict standard requiring proof of more than mere ignorance.[4]

In addition, all litigants are obligated to keep the court advised of any address change.[5] The complaint form used by Cox and the other plaintiffs to institute this action contains the following declaration: "I understand that if I am released or transferred, it is my responsibility to keep the Court informed of my whereabouts and failure to do so may result in this action being dismissed with prejudice."[6] "[T]he failure of a pro se litigant to notify the district court of an address change may be considered by the district court as an additional cause for dismissal for failure to prosecute."[7]

Cox has not contacted the court or provided an address at which she could be reached.[8] Her failure to comply with the court's rules and orders has created delay in the court's ability to efficiently manage the case. Her delay is caused by and attributable to Cox herself, justifying dismissal of her claims within the complaint for failure to prosecute.[9]

---

(5th Cir. 1991); *Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 749 (5th Cir. 1987).

[2] *Markwell v. Cnty. of Bexar*, 878 F.2d 899, 902 (5th Cir. 1989) (citation omitted); *Price v. McGlathery*, 792 F.2d 472, 474-75 (5th Cir. 1986) (same).

[3] *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981); *Edwards v. Harris Cnty. Sheriff's Off.*, 864 F. Supp. 633, 637 (S.D. Tex. 1994).

[4] *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988); *Birl*, 660 F.2d at 593.

[5] *See* EDLA Local Rules 11.1 and 41.3.1.

[6] ECF No. 3-1, ¶VI(2), at 4 (Plaintiff's Declaration).

[7] *Lewis v. Hardy*, 248 F. App'x 589, 2007 WL 2809969, at *4 n.1 (5th Cir. 2007).

[8] *See*, L.R. 41.3.1 ("The failure of an attorney or pro se litigant to notify the court of a current e-mail or postal address may be considered cause for dismissal for failure to prosecute when a notice is returned to the court because of an incorrect address and no correction is made to the address for a period of 35 days from the return.").

[9] *See Torns v. St. of Miss. Dep't of Corrs.*, 262 F. App'x 638, 639 (5th Cir. 2008); *Raborn v. Inpatient Mgmt. Partners, Inc.*, 278 F. App'x 402, 404-05 (5th Cir. 2008).

In a final effort to provide Cox with an opportunity to show cause why her claims should not be dismissed, I issue these Findings and Recommendation to the presiding United States District Judge. The court will direct that this Findings and Recommendation be mailed to Cox at the St. Bernard Parish Prison where it is believed she was housed when plaintiff White prepared the form complaint forming the basis of this civil action.

Cox is advised that she may object to these Findings and Recommendation within fourteen (14) days from the date of service of this report. It is suggested to Cox that any objection should contain a short summary of the reasons why she failed to comply with the court's previous orders. Cox is further advised that any objection should be in writing and filed with the Clerk of the United States District Court, Eastern District of Louisiana, 500 Poydras Street, New Orleans, Louisiana 70130, on a written document containing the caption of this lawsuit.

Cox is further advised that failure to file written objections to the Magistrate Judge's Findings and Recommendation may, and probably will, result in dismissal of plaintiff's lawsuit. A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.[10]

---

[10] *Douglass v. United Servs. Auto. Ass'n*, 79 F. 3d 1415, 1430 (5th Cir. 1996) (*en banc*) (citing 28 U.S.C. § 636(b)(1)). *Douglass* referred to the previously applicable ten-day period for filing of objections, which was extended to fourteen days by amendment effective December 1, 2009, 28 U.S.C. § 636(b)(1).

## **RECOMMENDATION**

It is **RECOMMENDED** that plaintiff Heather Cox's 42 U.S.C. § 1983 claims be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

New Orleans, Louisiana, this <u>2nd</u> day of April, 2024.

<u>_____</u>
DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

**CLERK OF COURT TO NOTIFY**
**ONLY PLAINTIFF HEATHER COX AT:**
**Heather Cox, #23600**
**St. Bernard Parish Jail**
**1900 Paris Rd.**
**Chalmette, LA 70043**