UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DESTINY SHARIEU TROVIA | CIVIL ACTION |
| VERSUS | NO. 24-219 |
| ST. BERNARD PARISH PRISON, ET AL. | SECTION "L" (2) |

## **FINDINGS AND RECOMMENDATION**

Plaintiff Destiny Sharieu Trovia, and four others, Shania Heavenvell White, Lakura Major, Heather Cox, and Venus Marie Mulholland, submitted for filing this *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983, challenging the conditions of their confinement in the St. Bernard Parish Jail.  ECF No. 1, ¶IV, at 3 (Deficient Complaint).  Trovia and the other plaintiffs did not pay the filing fee or submit with the complaint motions to proceed *in forma pauperis*.

On January 24, 2024, the clerk of court sent a deficiency notice addressed to plaintiff Shania Heavenvell White, from whom the pleadings were received, instructing White that each plaintiff was required to either pay the filing fee or provide a separate pauper application.  ECF No. 2.  The clerk of court enclosed five pauper applications for the plaintiffs to use.  On January 30, 2024, upon recognizing that plaintiffs Trovia, Major, and Mulholland had provided other addresses, the clerk issued deficiencies notices to each of them at their respective non-prison addresses.  ECF Nos. 3-5.  The notice sent to Trovia advised her of the same deficiency which required her to either pay the filing fee or provide a properly completed and certified pauper application within twenty-one (21) days of the date of the notice.  ECF No. 3.  Trovia was sent the form pauper application.  *Id*.  The envelope containing the notice has not been returned as undelivered.

When Trovia failed to respond to the deficiency notice, I issued an order on March 8, 2024, for Trovia to show cause on or before March 29, 2024, why her § 1983 complaint should not be dismissed for failure to prosecute. ECF No. 11. The envelope containing the order has not been returned as undelivered. Trovia did not respond to the order, pay the filing fee, or submit a pauper application.

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may in its discretion dismiss any action based on the failure of a plaintiff to prosecute or comply with any order of the court.[1] In applying the sanction of dismissal, courts have traditionally considered the extent to which the plaintiff, rather than her counsel, is responsible for the delay or failure to comply with the court's order.[2] Because plaintiff is proceeding *pro se*, it is apparent that this court must weigh her actions alone in considering dismissal of this action under Rule 41(b). A *pro se* litigant is not exempt from compliance with relevant rules of procedural and substantive law.[3] A *pro se* litigant who fails to comply with procedural rules has the burden of establishing excusable neglect, which is a strict standard requiring proof of more than mere ignorance.[4]

In addition, all litigants are obligated to keep the court advised of any address change.[5] The complaint form used by Trovia and the other plaintiffs to institute this action contains the following declaration: "I understand that if I am released or transferred, it is my responsibility to keep the Court informed of my whereabouts and failure to do so may result in this action being dismissed with prejudice."[6] "[T]he failure of a pro se litigant to notify the district court of an address change

---

[1] *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988); s*ee also Hulsey v. State of Tex.*, 929 F.2d 168, 171 (5th Cir. 1991); *Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 749 (5th Cir. 1987).
[2] *Markwell v. Cnty. of Bexar*, 878 F.2d 899, 902 (5th Cir. 1989) (citation omitted); *Price v. McGlathery*, 792 F.2d 472, 474-75 (5th Cir. 1986) (same).
[3] *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981); *Edwards v. Harris Cnty. Sheriff's Off.*, 864 F. Supp. 633, 637 (S.D. Tex. 1994).
[4] *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988); *Birl*, 660 F.2d at 593.
[5] *See* EDLA Local Rules 11.1 and 41.3.1.
[6] ECF No. 1-1, ¶III(2), at 4 (Plaintiff's Declaration).

may be considered by the district court as an additional cause for dismissal for failure to prosecute."[7]

Trovia has not contacted the court or provided a different address.[8] Her failure to comply with the court's rules and orders has created delay in the court's ability to efficiently manage the case. Her delay is caused by and attributable to Trovia herself, justifying dismissal of her claims within the complaint for failure to prosecute.[9]

In a final effort to provide Trovia with an opportunity to show cause why her claims should not be dismissed, I issue these Findings and Recommendation to the presiding United States District Judge. Trovia is advised that she may object to these Findings and Recommendation within fourteen (14) days from the date of service of this report. It is suggested to Trovia that any objection should contain a short summary of the reasons why she failed to comply with the court's previous orders. Trovia is further advised that any objection should be in writing and filed with the Clerk of the United States District Court, Eastern District of Louisiana, 500 Poydras Street, New Orleans, Louisiana 70130, on a written document containing the caption of this lawsuit.

Trovia is further advised that failure to file written objections to the Magistrate Judge's Findings and Recommendation may, and probably will, result in dismissal of plaintiff's lawsuit. A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by

---

[7] *Lewis v. Hardy*, 248 F. App'x 589, 2007 WL 2809969, at *4 n.1 (5th Cir. 2007).

[8] *See*, L.R. 41.3.1 ("The failure of an attorney or pro se litigant to notify the court of a current e-mail or postal address may be considered cause for dismissal for failure to prosecute when a notice is returned to the court because of an incorrect address and no correction is made to the address for a period of 35 days from the return.")

[9] *See Torns v. St. of Miss. Dep't of Corrs.*, 262 F. App'x 638, 639 (5th Cir. 2008); *Raborn v. Inpatient Mgmt. Partners, Inc.*, 278 F. App'x 402, 404-05 (5th Cir. 2008).

the district court, provided that the party has been served with notice that such consequences will result from a failure to object.[10]

### RECOMMENDATION

It is **RECOMMENDED** that plaintiff Destiny Sharieu Trovia's 42 U.S.C. § 1983 claims be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute pursuant to FED. R. CIV. P. 41(b).

New Orleans, Louisiana, this  2nd  day of April, 2024.

DONNA PHILIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

**CLERK OF COURT TO NOTIFY**
**ONLY PLAINTIFF TROVIA AT HER**
**ADDRESS OF RECORD AND AT:**
**Destiny Sharieu Trovia, #10675**
**St. Bernard Parish Jail**
**1900 Paris Rd.**
**Chalmette, LA 70043**

---

[10] *Douglass v. United Servs. Auto. Ass'n*, 79 F. 3d 1415, 1430 (5th Cir. 1996) (*en banc*) (citing 28 U.S.C. § 636(b)(1)). *Douglass* referred to the previously applicable ten-day period for filing of objections, which was extended to fourteen days by amendment effective December 1, 2009, 28 U.S.C. § 636(b)(1).